ABBOTT v SECRETARY OF STATE .

1. COURTS—COURT OF CLAIMS—JURISDICTION—STATE OFFICERS.

The exclusive jurisdiction of the Court of Claims includes suits against state officers for those acts performed in their official capacities.

2. COURTS—COURT OF CLAIMS—JURISDICTION.

The Court of Claims has exclusive jurisdiction over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies (MCLA 600.6419; MSA 27A.6419).

3. AUTOMOBILES—STATUTES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—UNINSURED MOTORISTS—SUSPENSION OF LICENSES.

Payment from the Motor Vehicle Accident Claims Fund in satisfaction of a judgment against an uninsured motorist authorizes the Secretary of State to suspend the motorist's license until the amount of the payment under the judgment is repaid in full or until installment repayments are commenced in accordance with an agreement entered into with the Secretary of State (MCLA 257.1110; MSA 9.2810).

4. COURTS—CIRCUIT COURTS—JURISDICTION—ACTION—MULTIPLE COURTS.

A circuit court's lack of jurisdiction as to a plaintiff's action based on negligence did not preclude that court from ruling on the plaintiff's request for an appeal from the suspension of his operator's license.

Appeal from Isabella, Robert H. Campbell, J.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 152.
  72 Am Jur 2d, States, Territories, and Dependencies § 121.
[3] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
  7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.
  Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.
[4] No reference.

Submitted December 10, 1975, at Lansing. (Docket No. 23701.) Decided February 10, 1976.

Complaint by Jimmy D. Abbott against Richard Austin, Secretary of State, Frank J. Kelley, Attorney General, Joseph B. Bilitzke, Assistant Attorney General, and Nicholas R. Trogan, III, Special Assistant Attorney General, seeking restoration of a suspended drivers license and damages for negligence arising out of a failure of present defendants to properly represent the interests of the plaintiff in a previous action in which the plaintiff, an uninsured motorist, was a defendant. Accelerated judgment for defendants on the claim for negligence, but the court ordered the license restored. Plaintiff appeals. Defendants cross-appeal. Order restoring plaintiff's license vacated and judgment affirmed as thus modified.

*Jerry L. Sumpter,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Stanley D. Steinborn,* Deputy Attorney General, *Robert A. Derengoski,* Solicitor General, and *Carl K. Carlsen* and *Paul J. Zimmer,* Assistants Attorney General, for defendants.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff appeals an order of the Isabella County Circuit Court which on February 25, 1975 granted an accelerated judgment, GCR 1963, 116.1(2), in favor of defendants.

We adopt defendants' statement of facts. On October 30, 1971, plaintiff Jimmy Dean Abbott was involved in an automobile accident in Isabella County, Michigan, with one James Harold Schafer.

At the time of this accident, plaintiff was an uninsured motorist, having paid the statutory fee of $45 to the Motor Vehicle Accident Claims Fund, pursuant to the provisions of MCLA 257.1103(3); MSA 9.2803(3).

On November 24, 1972 James Schafer commenced a civil action against plaintiff for injuries sustained by him in the accident, *Schafer v Abbott,* Isabella County Circuit Court no. 4-436. Plaintiff Abbott failed to plead or take any other steps whatsoever to defend the action filed against him by James Schafer. Counsel for Schafer notified the Secretary of State on February 5, 1973, that plaintiff Abbott had not filed an appearance and answer. The Secretary by and through his attorneys thereupon entered his appearance and answer in the *Schafer v Abbott* action, pursuant to the provisions of MCLA 257.1108; MSA 9.2808, on about April 12, 1973.

A pre-trial conference was scheduled in the *Schafer v Abbott* action on December 4, 1973. Upon the failure of the Secretary of State or his counsel to appear for the pre-trial conference a default was entered. The Schafers then moved for default judgment and on January 8, 1974, the court entered a default judgment in favor of the Schafers in the amount of $33,000 plus interest and costs.

Also on January 8, 1974, the Secretary of State filed a motion to set aside default judgment. This motion was denied by an order entered on September 27, 1974. The Secretary thereafter paid Mr. Schafer's judgment to the extent of the statutory liability under the Motor Vehicle Accident Claims Act. This payment was in the amount of $20,000 plus interest and costs. Upon payment of the judgment, the Secretary suspended the driver's

license and vehicle registration of plaintiff Abbott, pursuant to the requirements of MCLA 257.1110; MSA 9.2810.

Plaintiff then filed the present action in Isabella County Circuit Court on January 23, 1975. Counts I and III of his complaint alleged negligence on the part of each defendant in his handling of the *Schafer v Abbott* matter and sought compensatory and punitive damages. Count II sought restoration of his driving privileges. Plaintiff asked the court to order defendant Secretary of State to show cause why plaintiff's driving privileges should not be restored. The court entered the requested order. All defendants moved for accelerated judgment as to Counts I and III on the grounds that exclusive jurisdiction over plaintiff's claims against them was vested in the Court of Claims and that the claims were barred by the doctrine of governmental immunity from tort liability.

In granting the requested accelerated judgment, the trial court stated:

"This court is of the opinion that accelerated judgment must be granted as to count one and count three in view of the fact that the three individually named defendants were state officers and the plaintiff's cause of action should be filed in another legal forum other than the Isabella County Circuit Court."

The trial court also, however, ordered the restoration of plaintiff's driver's license.

The bulk of plaintiff's brief on appeal pertains to the issues of governmental immunity as it may apply to defendants. This issue was not adjudicated or decided at trial. Plaintiff's terse claim relative to the trial court's decision is that because plaintiff did not sue the state directly, but rather sued defendants as individuals, the Court of

Claims does not have exclusive jurisdiction. We find no merit in this claim. In the Court of Claims enabling legislation, MCLA 600.6419; MSA 27A.6419, it is provided that:

"Except as provided in section 6440, the jurisdiction of the court of claims as conferred upon it by this chapter over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies, shall be exclusive.

* * *

"The court has power and jurisdiction: (a) to hear and determine all claims and demends, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms or agencies."

This exclusive jurisdiction includes suits against state officers for those acts performed in their official capacities. See *e.g., In re Jones Estate,* 52 Mich App 628; 218 NW2d 89 (1974), *lv den* 392 Mich 770 (1974). When they defended the negligence action against plaintiff, defendants here were acting officially pursuant to the duties imposed on them by the Motor Vehicle Accident Claims Act, 1965 PA 198, MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.* As defendants note, plaintiff founded his complaint in the instant action on allegations that defendants' alleged malpractice occurred when they were fulfilling their obligations under the Motor Vehicle Accident Claims Act. The sole forum for plaintiff's action is, thus, the Court of Claims.

Defendants filed a cross-appeal and claimed that the trial court erred in ordering the restoration of plaintiff's license. Plaintiff filed no reply. We note first that the trial court's lack of jurisdiction as to plaintiff's counts based on malpractice did not

preclude the court from ruling on plaintiff's request to have his license restored. This request is an appeal under § 323 of the Michigan Vehicle Code, MCLA 257.323; MSA 9.2023, which provides for an appeal from the suspension of an operator's license. In ordering the defendant Secretary of State to restore plaintiff's driving privileges, the trial court relied on the financial responsibility section of the Michigan Vehicle Code, 1949 PA 300, MCLA 257.1 *et seq.;* MSA 9.1801 *et seq.* Specifically, he applied § 513, MCLA 257.513; MSA 9.2213, which provides that the Secretary of State, who has suspended a driver's license for failure to pay a judgment rendered as the result of a traffic accident, may restore the license when the judgment is satisfied in full. A judgment is satisfied in full, according to § 514, MCLA 257.514; MSA 9.2214,

"[w]hen $20,000 is credited upon any judgment * * * rendered in excess of that amount because of bodily injury to * * * 1 person as the result of any one accident."

The trial court ruled that the $20,000 payment by the uninsured motorists fund satisfied the judgment against plaintiff and required the return of plaintiff's license.

We disagree. As defendants note on appeal, plaintiff's operator's license was not suspended by the operation of the financial responsibility law. Rather, defendant Secretary of State suspended plaintiff's license pursuant to § 10 of the Motor Vehicle Accident Claims Act, MCLA 257.1110; MSA 9.2810.[1] That section provides:

---

[1] It is interesting to note that the trial court might not have properly considered this claim if it were based on the financial responsibility act. MCLA 257.323; MSA 9.2023 provides a right of

"Where the secretary pays out of the fund any amount in satisfaction of a judgment, the operator's or chauffeur's license and vehicle registration or registrations of the judgment debtor on whose behalf the payment is made shall be forthwith suspended by the secretary and shall remain suspended until he has:

"(a) Repaid in full to the fund the amount paid out; or

"(b) Commenced installment repayments in accordance with an agreement entered into with the secretary, and filed proof of his financial responsibility until the amount paid out to satisfy the judgment by the motor vehicle accident claims fund has been repaid in full."

The suspension provision is the method which the statute provides the Secretary of State to obtain reimbursement for monies paid out of the fund. Considering, as did the trial court, payment from the fund as satisfying judgment against plaintiff and requiring restoration of plaintiff's license would be contrary to the purposes of the uninsured motorist statute and would destroy the fund's best method of obtaining reimbursement.

Plaintiff did not file a disclaimer of liability pursuant to MCLA 257.1106; MSA 9.2806. He has not complied with either statutory alternative requisite to the return of his license. Plaintiff had an opportunity to assert his rights. He failed to do so. He may still comply with the act's provisions for license restoration. The trial court's order of restoration is, thus, vacated.

Affirmed as modified. Costs to defendants.

appeal from operator's license suspensions in all cases except those under the financial responsibility act.