BANDFIELD v WOOD

Docket No. 49680. Submitted January 13, 1981, at Lansing.—Decided
    March 4, 1981.

James Bandfield brought a negligence action in the Court of
    Claims against Donald Wood, supervisor of Camp Cusino, and
    others for failure to properly supervise the employees and
    personnel of the area where medicine was kept while he was an
    inmate of the camp. Defendant, through the attorney general,
    filed a motion to dismiss the suit on the ground that the
    defendants were being sued in their individual capacities and
    that the Court of Claims lacked jurisdiction. The Court of
    Claims granted the motion and dismissed the case. Plaintiff
    then brought suit in Alger Circuit Court alleging the same
    facts as before. Defendant moved for accelerated judgment
    claiming that the circuit court lacked jurisdiction, that the
    defendants were being sued in their capacities as state officials
    and that the Court of Claims had exclusive jurisdiction over the
    cause of action. Accelerated judgment was denied on the
    grounds that plaintiff's cause of action was against defendant
    Wood in his individual capacity and because Wood was es-
    topped from claiming that the Court of Claims had exclusive
    jurisdiction, William F. Hood, J. Defendant appeals. *Held:*

    The Michigan Court of Claims has exclusive jurisdiction of
    actions for damages against the State of Michigan and state
    officials. Defendant Wood is not a state official for purpose of
    suit in the Court of Claims, therefore the motion for acceler-
    ated judgment was properly denied.

    Affirmed.

1. COURTS — JURISDICTION.
    The question of jurisdiction may be reached at any time.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 142.
[2] 20 Am Jur 2d, Courts §§ 87, 97, 105.
[3] 20 Am Jur 2d, Courts § 95.
[4] 20 Am Jur 2d, Courts § 106.
[5] 63 Am Jur 2d, Public Officers and Employees §§ 29-31.

2. COURTS — JURISDICTION — SUBJECT MATTER.

Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement.

3. COURTS — JURISDICTION — SUBJECT MATTER.

Subject-matter jurisdiction cannot be conferred by consent, by conduct or by waiver, nor can it be acquired by estoppel.

4. COURTS — COURT OF CLAIMS — JURISDICTION — STATUTES.

The Court of Claims has exclusive jurisdiction of actions for damages against the state and against state officials in their official capacities (MCL 600.6419; MSA 27A.6419).

5. PUBLIC OFFICERS — ESSENTIALS OF PUBLIC OFFICE.

In order to make any position of public employment a public office of a civil nature it is necessary to show that: 1) the office was created by the Constitution or Legislature or by a municipality pursuant to authority conferred upon it; 2) there is delegated to it a portion of the sovereign power of the government to be exercised for the benefit of the public; 3) the power conferred and duties to be discharged are defined, directly or impliedly, by the Legislature or through legislative authority; 4) the duties are performed independently and without control of a superior power other than the law unless placed thereunder by the Legislature; and 5) it has some permanency and continuity and is not only temporary or occasional.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John G. Konkel),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Mark I. Leach,* Assistant Attorney General, for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and C. J. HOEHN,* JJ.

R. B. BURNS, J. Plaintiff instituted suit to recover damages for personal injuries suffered as a result of the negligent acts of defendants while he was an inmate of Camp Cusino.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant, Donald Wood, is the only defendant who is a party to this appeal and is the camp supervisor at Camp Cusino.

Originally plaintiff filed suit in the Court of Claims and alleged that defendants negligently failed to properly supervise the employees and personnel who had the care and custody of the area where the medicines were kept, breached their duty to keep the first-aid area locked, breached their duty to see that the medicines were not tampered with and committed other unnamed acts of negligence.

Defendant, through the attorney general, filed a motion to dismiss the suit on the ground that the plaintiff was suing the defendants in their individual capacities and, therefore, the Court of Claims did not have jurisdiction. The Court of Claims granted the motion and dismissed the case.

After the original case was dismissed, plaintiff instituted the present case in the circuit court and alleged the same facts contained in the original suit in the Court of Claims.

Defendant then moved for an accelerated judgment, claiming that the circuit court lacked jurisdiction and that the Court of Claims had exclusive jurisdiction over the cause of action because defendants were being sued in their capacities as state officials for acts committed in the exercise of their official duties.

The circuit judge denied the motion for accelerated judgment on the grounds that plaintiff's present cause of action was against Wood in his individual capacity and also that Wood was estopped from claiming that the Court of Claims had exclusive jurisdiction.

Jurisdiction of the subject matter cannot be given by consent, and the question of jurisdiction

may be reached at any time. *Warner v Noble,* 286 Mich 654; 282 NW 855 (1938).

Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement. It cannot be conferred by consent, by conduct or by waiver. *Kita v Matuszak,* 21 Mich App 421; 175 NW2d 551 (1970). It follows that subject-matter jurisdiction cannot be acquired by estoppel.

MCL 600.6419; MSA 27A.6419 grants the Michigan Court of Claims exclusive jurisdiction of actions for damages against the State of Michigan and state officials.

In *People v Freedland,* 308 Mich 449, 457-458; 14 NW2d 62 (1944), the Court said:

" 'After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional.' "

In our opinion defendant Wood is not a "state official" for purposes of suit in the Court of Claims.

Affirmed. No costs.