BURNETT v MOORE

Docket No. 52503. Submitted June 1, 1981, at Detroit.—Decided September 16, 1981.

Gary Burnett brought an action against Donald Moore, a state police trooper, alleging, *inter alia,* that Officer Moore assaulted and battered him during an off-duty arrest for reckless driving. The defendant moved for accelerated judgment on the ground that he was a state official and that the Court of Claims had exclusive jurisdiction to hear the claim. Wayne Circuit Court, Roman S. Gribbs, J., granted the motion. The plaintiff appeals. *Held:*

A state trooper is not a state official for the purpose of invoking the jurisdiction of the Court of Claims. A state trooper has not been delegated a portion of the sovereign power of government by the Legislature, nor does he possess the independence in the performance of his duties requisite to designate his position as a public office. Thus, the Court of Claims did not have exclusive jurisdiction to hear the case, and the trial court erred in granting the defendant's motion.

Reversed and remanded.

1. COURTS — COURT OF CLAIMS — JURISDICTION.

The Court of Claims has exclusive jurisdiction over claims and demands against the state or any of its departments, commissions, boards, institutions, arms, or agencies, including state officials (MCL 600.6419[1]; MSA 27A.6419[1]).

2. COURTS — COURT OF CLAIMS — JURISDICTION — PUBLIC OFFICERS.

A state official, for the purpose of determining the jurisdiction of the Court of Claims in an action against the official, is an executive officer of a state department or commission, such as the Secretary of State and the Insurance Commissioner.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 6, 33.
[2] 63 Am Jur 2d, Public Officers and Employees § 24.
[3] 63 Am Jur 2d, Public Officers and Employees §§ 29, 30.
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 234, 235.
  70 Am Jur 2d, Sheriffs, Police, and Constables § 1.

3. PUBLIC OFFICERS — PUBLIC OFFICES.

> A position of public employment, in order to be a public office of a civil nature, must be created by the constitution, the Legislature, or a municipality or other body through authority conferred by the Legislature and must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit or the public; the powers conferred and the duties to be discharged must be defined directly or impliedly by the Legislature or through legislative authority; the duties must be performed independently and without control of a superior power other than the law, unless the duties are of an inferior or subordinate office placed under the control of the public office by the Legislature; and the public office must have some permanency and continuity and not be temporary or occasional.

4. COURTS — PUBLIC OFFICERS — COURT OF CLAIMS — JURISDICTION.

> A state police trooper is not a public officer, lacking independence in the performance of his duties and a delegation by the Legislature of a portion of the sovereign power of government, and thus is not a state official for the purpose of invoking the exclusive jurisdiction of the Court of Claims in an action against the trooper (MCL 600.6419[1]; MSA 27A.6419[1]).

*Rifkin, Kingsley & Rhoades, P.C.* (by *Roy A. Williams),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas A. Kulick,* Assistant Attorney General, for defendant.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Plaintiff commenced this action in circuit court, alleging, *inter alia,* that defendant assaulted and battered him in the course of making a citizen's arrest for plaintiff's reckless driving. The court granted defendant's motion for accelerated judgment, holding that the Court of Claims

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had exclusive jurisdiction over the action on the theory that defendant, a state police officer who was off duty at the time of the alleged incident, is a "state official". Plaintiff appeals as of right. Plaintiff presents two issues for our consideration. In light of our decision on the first issue, we find it unnecessary to discuss the second.

Plaintiff argues that defendant is not a state official and that, therefore, the Court of Claims does not have exclusive jurisdiction. The Michigan Court of Claims has, by statute, exclusive jurisdiction "over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies * * *". MCL 600.6419(1); MSA 27A.6419(1). This has been interpreted to include state officials. See *Abbott v Secretary of State,* 67 Mich App 344; 240 NW2d 800 (1976), and *Grunow v Sanders,* 84 Mich App 578; 269 NW2d 683 (1978).

These cases have established that the Secretary of State, Attorney General, and Insurance Commissioner are "state officials". In *Feliciano v Dep't of Natural Resources,* 97 Mich App 101; 293 NW2d 732 (1980), however, lifeguards at a state-operated recreation facility were held not to be "state officials" for purposes of the Court of Claims jurisdiction. Likewise, a prison camp supervisor is not a "state official", *Bandfield v Wood,* 104 Mich App 279; 304 NW2d 551 (1981).

It is necessary, therefore, to determine whether a state police trooper is a "state official" for purposes of the Court of Claims jurisdiction. The cases above guide us in this determination. "State officials" are the executive officers of state departments and commissions. *People v Freedland,* 308 Mich 449, 457-458; 14 NW2d 62 (1944), relied on in *Bandfield,* sets forth the elements which distin-

guish a "public official" from an ordinary government employee:

" 'After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional.' "

It is our opinion that the position of state police trooper is not a state office within the meaning of *Freedland* and *Bandfield.* A state police officer has some discretion in the performance of his job, but an officer has to answer to authorities in addition to the law itself. A police officer must answer to the Commissioner of the State Police and other officials in the chain of command in the state police.

According to *Freedland,* a determination of whether a position is a public office "involves necessarily a consideration of the legislative intent in framing the particular statute by which the position * * * is created". *Id.,* 457. When the Legislature created the grade levels of colonel, lieutenant colonel, major, captain, lieutenant, and sergeant, in addition to trooper, it did not intend

to imbue the position of trooper with the dignity of a *public office.* MCL 28.8; MSA 4.438.

Thus, defendant is not a "state official", and the Court of Claims, therefore, does not have exclusive jurisdiction. The lower court erred in granting defendant's motion for accelerated judgment.

Reversed and remanded. Costs to plaintiff.