HAMILTON v REYNOLDS

Docket Nos. 64518, 65960. Submitted June 6, 1983, at Detroit.—Decided September 7, 1983.

Teckla M. Hamilton was killed by a patient from Northville Regional Psychiatric Hospital who had left the hospital grounds after being given a pass to leave the hospital building. David A. Hamilton, administrator of the estate of Teckla Hamilton, brought an action in Wayne Circuit Court against John Reynolds, the director of the hospital, and K. L. Reddy, M.D., the patient's physician who issued the pass, alleging negligence and nuisance. Hamilton brought another action in the Court of Claims against the State of Michigan and the hospital, alleging nuisance and structural defect in the hospital building. The Court of Claims action was transferred to the circuit court and the circuit court judge sat as a Court of Claims judge for purposes of hearing the claims against the state and the hospital. The circuit court, Joseph B. Sullivan, J., granted accelerated judgment to defendant Reynolds on the basis that he was a state official and that exclusive jurisdiction over the claim against him was in the Court of Claims. Summary judgment was granted in favor of defendant Reddy on the basis of governmental immunity. Plaintiff appealed from the orders of accelerated and summary judgment and the appeals were consolidated. *Held:*

1. Defendant Reynolds, as the director of a state mental health facility, is a state official and therefore the claim against him was subject to the exclusive jurisdiction of the Court of Claims. Furthermore, the plaintiff's allegations against him are strictly concerned with Reynolds's conduct in his official capacity. Accelerated judgment was properly granted.

2. Summary judgment was properly granted in favor of

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 20 Am Jur 2d, Courts §§ 33, 106.
[2, 3] 63 Am Jur 2d, Public Officers and Employees § 1.
[4] 40 Am Jur 2d, Hospitals and Asylums § 20.
    57 Am Jur 2d, Municipal, School, and State Tort Liability § 45.
    Government tort liability for injuries caused by negligently released individual. 6 ALR4th 1155.

defendant Reddy. He was immune from liability for negligence under either the discretionary-ministerial test or the scope of employment test. Plaintiff's nuisance claim against Reddy was merely a restatement of the claim of negligence.

Affirmed.

1. COURTS — COURT OF CLAIMS — JURISDICTION — STATE OFFICIALS.

The Court of Claims has exclusive jurisdiction over claims against state officials for actions performed in their official capacities.

2. PUBLIC OFFICERS — PUBLIC OFFICES.

A position of public employment, in order to be a public office of a civil nature, must be created by the constitution, the Legislature, or a municipality or other body through authority conferred by the Legislature and must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; the powers conferred and the duties to be discharged must be defined directly or impliedly by the Legislature or through legislative authority; the duties must be performed independently and without control of a superior power other than the law, unless the duties are of an inferior or subordinate office placed under the control of the public office by the Legislature; and the public office must have some permanency and continuity and not be temporary or occasional.

3. PUBLIC OFFICERS — DIRECTOR OF MENTAL HEALTH FACILITY.

The director of a state mental health facility is a state official for purposes of bestowing exclusive jurisdiction over a claim against the director, acting in his official capacity, in the Court of Claims.

4. GOVERNMENTAL IMMUNITY — PHYSICIANS — MENTAL HEALTH.

A physician employed by the Department of Mental Health is protected by governmental immunity from liability for negligence for his decision to allow a patient in a state mental hospital to leave the hospital building; such a decision is both discretionary and made within the scope of the physician's employment.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *George L. McCargar*

and *Craig Atchinson,* Assistants Attorney General, for defendants.

Before: D. F. WALSH, P.J., and BEASLEY and D. L. SULLIVAN,* JJ.

PER CURIAM. Plaintiff David A. Hamilton, administrator of the estate of Teckla Marie Hamilton, deceased, appeals the entry of accelerated judgment for defendant, John Reynolds, GCR 1963, 116.1(2), and the entry of summary judgment for defendant K. L. Reddy, M.D., GCR 1963, 117.2(1).

Plaintiff's decedent was killed in her home by a patient from the state-operated Northville Regional Psychiatric Hospital. The patient had left the hospital grounds after being given a grounds pass by defendant Reddy.

In Wayne County Circuit Court, plaintiff sued defendant Reynolds, director of the hospital, and defendant Reddy, the patient's physician at the hospital, alleging negligence and nuisance. In the Court of Claims, plaintiff sued the State of Michigan and the hospital alleging nuisance and structural defect in the hospital building.

Plaintiff's motion for consolidation of the two lawsuits was granted by the Court of Claims. The Court of Claims file was transmitted to the Wayne County Circuit Court. The Wayne County circuit judge to whom the case against the individual defendants had been assigned was assigned by the state court administrator as Court of Claims judge for purposes of hearing the case against the state and the hospital. (The instant appeals do not directly involve plaintiff's claims against the state and the hospital.)

Defendant Reynolds moved for accelerated judg-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment, alleging that exclusive jurisdiction over plaintiff's claim against him, a state official, lay in the Court of Claims. The circuit court agreed and granted accelerated judgment. On appeal, plaintiff argues that defendant Reynolds is not a state official, and, alternatively, that defendant Reynolds was sued in his individual capacity. We are not so persuaded and, therefore, affirm the entry of accelerated judgment for defendant Reynolds.

Plaintiff does not challenge the notion that the Court of Claims has exclusive jurisdiction over claims against state officials for actions performed in their official capacities. *Williams v Shin,* 111 Mich App 84; 314 NW2d 529 (1981); *Burnett v Moore,* 111 Mich App 646; 314 NW2d 458 (1981); *Crider v Michigan,* 110 Mich App 702; 313 NW2d 367 (1981), *lv den* 414 Mich 953 (1982); *Meda v City of Howell,* 110 Mich App 179; 312 NW2d 202 (1981); *Abbott v Secretary of State,* 67 Mich App 344; 240 NW2d 800 (1976). MCL 600.6419; MSA 27A.6419.

In *Bandfield v Wood,* 104 Mich App 279; 304 NW2d 551 (1981), this Court found that the supervisor of a prison camp is not a state official for purposes of determining Court of Claims jurisdiction. The Court cited a rule identified in *People v Freedland,* 308 Mich 449, 457-458; 14 NW2d 62 (1944), where the issue had been whether the defendant had taken a bribe as a "public officer".[1]

---

[1] "The rule is accurately stated in *State ex rel Barney v Hawkins* [79 Mont 506, 528; 257 P 411, 418 (1927)], where the court said:

" 'After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative

See also *Burnett v Moore, supra,* where the Court found that a state police trooper is not a "state officer" within the meaning of *Freedland* and *Bandfield.*

Review of the Supreme Court's *Freedland* opinion discloses that the Court did not resolve the issue presented in that case by mere mechanical application of the five elements of the cited Montana rule. Rather, the Court identified several rules and concluded that an employee whose duties were primarily clerical was not a public officer. The court's primary focus was on the degree of discretion and independence associated with the position. 308 Mich 456-457. The *Freedland* defendant's position as sales tax division bookkeeper was vested with considerably less "dignity [and] discretion" than are inherent in the state position occupied by defendant Reynolds. See 308 Mich 458.

Even assuming, without deciding, however, that application of the rule cited *supra,* fn 1, is appropriate in determining the status of individual defendants for Court of Claims jurisdiction purposes, we find that, even under that test, defendant Reynolds is a "state official". The office of director of state mental health facilities was authorized by the Legislature. MCL 330.1120; MSA 14.800(120). such directors are under the authority of the director of the Department of Mental Health and possess considerable administrative and decision-making authority, as delegated by the state director and conferred by the Legislature, to be exer-

authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional.' "

cised in furtherance of the state's constitutional mandate to protect and promote public health and to foster and support institutions for the care of the mentally handicapped. Const 1963, art 4, § 51, and Const 1963, art 8, § 8. MCL 330.1116; MSA 14.800(116). See, *e.g.,* MCL 330.1400 *et seq.;* MSA 14.800(400) *et seq.;* 1979 AC, R 330.4005 *et seq.* And, clearly, the director's position cannot reasonably be dismissed as temporary or occasional. Because he is a state official, defendant Reynolds's motion for accelerated judgment was properly granted. Plaintiff's allegations are strictly concerned with defendant's conduct in his official capacity; his assertion to the contrary is unpersuasive.

Defendant Reddy, a government employee, moved for summary judgment, alleging immunity from liability for the acts of negligence alleged by plaintiff. At the hearing on the motion, plaintiff agreed that, under *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981), *lv den* 414 Mich 858 (1982), his negligence claim as to defendant Reddy was not viable. But he noted that he had also advanced a theory of nuisance, which would not be subject to a defense of governmental immunity. The court found immunity and granted summary judgment.

We have carefully considered plaintiff's arguments concerning his allegations of nuisance, and we find that summary judgment was properly granted for defendant Reddy. As to this defendant, plaintiff's "nuisance" claim merely restated his negligence claim which, as discussed *infra,* was correctly rejected.

In an apparent attempt to resurrect his claim of defendant Reddy's negligent issuance of a grounds pass to the patient who killed plaintiff's decedent,

plaintiff argues that this defendant is not immune from liability when performing ministerial duties.

There is currently much disagreement among the members of this Court concerning the proper test to apply to determine whether a public employee is immune from liability for negligence. We are persuaded, however, that under either the discretionary-ministerial test, *Layton v Quinn,* 120 Mich App 708; 328 NW2d 95 (1982), or the scope of employment test, *Lewis v Beecher School System,* 118 Mich App 105; 324 NW2d 779 (1982), defendant Reddy was immune from liability for the acts of negligence asserted by plaintiff. As succinctly observed by the Court in *Fuhrmann, supra,* 436-437: "[T]here seems to be little doubt that medical decision-making is inherently discretionary." That the exercise of considerable discretion is required of those charged with the responsibility of determining whether psychiatric hospital patients shall be confined to the hospital building cannot be gainsaid. And plaintiff does not dispute that defendant Reddy was acting within the scope of his employment in a governmental function at all times relevant to this controversy. See *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978).

Affirmed as to both defendant Reynolds and defendant Reddy.