ADAMS v NORTHVILLE STATE HOSPITAL

Docket No. 65093. Submitted June 6, 1983, at Detroit.—Decided December 14, 1983.

After being diagnosed as an acute schizophrenic, Anthony Adams was transferred from the Detroit General Hospital to Northville State Hospital. Twelve days later, he died. A. D. Adams, as administrator of the estate of Anthony Adams, deceased, brought suit in Wayne Circuit Court against Northville State Hospital, Dr. N. B. Gockora, Dr. J. M. Tombo, and other employees of the state hospital, alleging that the defendants improperly diagnosed the deceased and injected drugs in his system when he was acutely dehydrated. The court, Theodore R. Bohn, J., granted summary judgment for the defendants, ruling that all of the defendants were protected by governmental immunity. The plaintiff appealed. *Held:*

The decision of the circuit court should be affirmed. A state mental hospital is immune from liability for negligence in the care, treatment, and education of a patient. The individual defendants were also immune from tort liability under either the discretionary-ministerial test or the scope-of-employment test.

Affirmed.

1. GOVERNMENTAL IMMUNITY — MENTAL HOSPITALS.

A state mental hospital is immune from liability for negligence in the care and treatment of a patient.

2. GOVERNMENTAL IMMUNITY — MEDICAL DECISION-MAKING.

Medical decision-making is inherently discretionary rather than ministerial in nature, and if a public employee's activity is discretionary, the action is covered by governmental immunity.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Sherwin Schreier*), for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur 2d, Hospitals and Asylums §§ 2, 20.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Craig Atchinson,* Assistants Attorney General, for defendants Richards, Hare, Papania, Ferrari, Evans, and Mueller.

*Sullivan, Ward & Bone, P.C.* (by *Robert E. Sullivan),* for defendants Tombo, Pomodoro, Akman, and Sanders.

*Schureman, Frakes, Glass & Wulfmeier* (by *Jeffrey E. Clark),* for defendant Gockora.

Before: D. F. WALSH, P.J., and BEASLEY and D. L. SULLIVAN,* JJ.

PER CURIAM. On June 1, 1982, the trial court granted defendants' motion for summary judgment. Plaintiff appeals as of right.

Plaintiff alleged that on April 20, 1976, after being diagnosed as an acute schizophrenic, Anthony Adams was transferred from the Detroit General Hospital to Northville State Hospital. Twelve days later he died. Plaintiff alleges that the death was from defendants' failure to recognize that Adams was acutely dehydrated and exacerbated the situation by continually injecting drugs into his system. The trial court granted the summary judgment ruling that all defendants are protected by governmental immunity.

The trial court correctly granted summary judgment as to defendant Northville State Hospital. *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978), *app dis* 444 US 804; 100 S Ct 24; 62 L Ed 2d 17 (1979); *Smith v Michigan,* 122 Mich App 340; 333 NW2d 50 (1983); *Siener v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Michigan,* 117 Mich App 179; 323 NW2d 642 (1982), *lv gtd* 417 Mich 934 (1983).

We are also persuaded that the trial court properly granted summary judgment for the other defendants as well. In *Converse v Isabella County,* 126 Mich App 331, 341; 336 NW2d 918 (1983), this Court noted:

"Although it is clear from Supreme Court opinions * * * that government employees can be immune from tort actions, it remains unclear under what standard or test immunity is found to exist."

At present, this Court has split on whether to use the discretionary/ministerial test or the scope-of-employment test. *Cf. Layton v Quinn,* 120 Mich App 708; 328 NW2d 95 (1982), with *Lewis v Beecher School System,* 118 Mich App 105; 324 NW2d 779 (1982). We conclude that the trial court correctly found defendants' actions to fall within governmental immunity under either test. Diagnosing a patient and giving him drugs is a discretionary activity. If the activity is discretionary, the action is covered by governmental immunity. *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981), *lv den* 414 Mich 858 (1982). Defendants' actions also fit within the scope-of-employment test as commonly used by this Court. *Mason v Rosen,* 124 Mich App 204; 333 NW2d 513 (1983).[1]

Affirmed.

---

[1] We realize that *Davis v Lhim,* 124 Mich App 291, 296; 335 NW2d 481 (1983), substantially narrowed this test: "A negligent act falls within the scope of the actor's employment only if the duty he breached is imposed on him because he is a public employee." However, without clearer guidance from the Supreme Court, we decline to follow this radical change from the present law. Such a test comes dangerously close to judicially eliminating the statutorily imposed immunity.