WYSS v RIVARD

Docket No. 75673. Submitted June 19, 1984, at Detroit.—Decided
  January 2, 1985.
  Plaintiffs, Richard B. Wyss, Alma D. Wyss, and Robert A. Wyss
  brought an action for damages against Roger L. Rivard, a State
  Police officer who negligently discharged a rifle while attempt-
  ing to unload it, striking both Richard and Robert Wyss who
  were seated in an automobile in the parking lot of a State
  Police post. The Oakland Circuit Court, Robert C. Anderson, J.,
  granted summary judgment in favor of defendant on the basis
  of governmental immunity. Plaintiffs appealed. *Held:*
    1. Statutory governmental immunity extends to individual
  governmental employees as well as to government agencies.
    2. The proper standard by which to judge the liability of a
  state employee for actions performed while engaged in a gov-
  ernmental function is the "scope of employment" test. Applying
  this standard, the defendant is protected from liability.
    Affirmed.

GOVERNMENTAL IMMUNITY — STATE EMPLOYEES — SCOPE OF EMPLOY-
  MENT.
    Statutory governmental immunity extends to individual govern-
    mental employees as well as to governmental agencies; the
    proper standard by which to judge the liability of a state
    employee for actions performed while engaged in a governmen-
    tal function is the "scope of employment" standard, which
    looks to whether the specific activity alleged to be a tortious act
    falls within the scope of the governmental function (MCL
    691.1407; MSA 3.996[107]).

*William A. Wyss,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *J. Peter Lark,* Assis-
tant Attorney General, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
57 Am Jur 2d, Municipal School, and State Tort Liability § 88.

Before: V. J. BRENNAN, P.J., and ALLEN and GRIBBS, JJ.

PER CURIAM. While sitting in their automobile in the parking lot of the Pontiac State Police Post on December 19, 1980, plaintiffs Richard and Robert Wyss were injured when defendant, a detective sergeant and firearms instructor, negligently discharged a rifle while attempting to unload it. The bullet shattered the Wyss automobile window, creased Richard's back and entered Robert's cheek, exiting through his mouth. Plaintiffs filed suit against defendant individually. Defendant answered admitting negligence and moved for summary judgment on grounds of governmental immunity. The motion was granted December 13, 1983, and plaintiffs appeal as of right.

On appeal plaintiffs argue that statutory governmental immunity, MCL 691.1407; MSA 3.996(107), applies only to governmental agencies and should not be extended to individual employees. Plaintiffs also urge this Court to adopt the "discretionary/ministerial" standard rather than the "scope of employment" standard.

For the reasons set forth in detail in this Court's published opinion in *McGhee v Bhama,* 140 Mich App 49; 363 NW2d 293 (1985), released on even date herewith, plaintiffs' claims are rejected.

Affirmed.