## APPLE *v.* SOLOMON.

1. PARTIES—MISNOMER—SEPARATE IDENTITY OF INSTITUTIONS.

   Trial court finding that a hospital and a clinic sharing the same address and having similar names were separate legal entities was proper where there was no fraud in the labeling of the premises nor any evidence of shared employees or facilities.

2. SAME—MISNOMER—SEPARATE IDENTITY OF INSTITUTIONS.

   A hospital was not served with process by serving employee of a similarly named clinic at the same address, even though a person connected with both in an executive capacity knew of the pendency of the action, when the 2 institutions were separate legal entities, because there was not service in fact on the hospital.

3. SAME—MISNOMER—AMENDMENT OF COMPLAINT.

   Trial court denial of a motion to amend a complaint by changing the name of one defendant *held,* proper when no service was in fact made on the misnamed party, where the named defendant answered fully and honestly without practicing deception on the plaintiff and the plaintiff apparently failed for 15 months to study the answer, and where the plaintiff failed to put in evidence countering separateness of the entities even though the trial judge afforded 4 hearings for this purpose.

4. SAME—MISNOMER—AMENDMENT OF COMPLAINT.

   Motion to amend complaint to change name of one defendant is properly denied when the motion is in fact one to add a new party defendant, which was never served with process, after the statute of limitations has run (GCR 1963, 118, 207).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur, Parties §§ 98, 99, 109.
[3, 4] 39 Am Jur, Parties § 124.

Appeal from Macomb, Deneweth (George R.), J. Submitted Division 2 March 1, 1968, at Lansing. (Docket No. 3,104.) Decided July 23, 1968.

Complaint by Phyllis N. Apple, administratrix of the estate of Robert Apple, deceased, against Douglas Solomon, Homer Solomon, Saratoga Hospital, Inc., a Michigan corporation, and Straith Clinic, Inc., a Michigan corporation, for the wrongful death of her husband, Robert Apple. Plaintiff's motion to amend her complaint by changing the name of defendant Straith Clinic, Inc. to Straith Memorial Hospital, Inc., denied. Plaintiff appeals. Affirmed.

*Gruenburg, Robinson & Bogus,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer* (*William D. Yahne,* of counsel), for defendant Straith Clinic.

J. H. Gillis, J. This appeal arises from an order of the trial court denying plaintiff's motion, which was filed October 19, 1966, to amend her complaint by changing the nomenclature of defendant, Straith Clinic, Inc. to Straith Memorial Hospital, Inc. So far as the record reveals, there is no such entity as "Straith Clinic, Inc." There does exist, however, a "Straith Clinic," a sole proprietorship of Dr. Richard Straith, and a "Straith Memorial Hospital, Inc.," a nonprofit Michigan corporation of which Dr. Richard Straith is a trustee and vice president. The return of service on "Straith Clinic, Inc." indicates that the service was made upon a "Mrs. Burns for Straith Clinic, Inc."

It is undisputed that Mrs. Burns was an employee of Straith Clinic and was not employed by or authorized to receive service on Straith Memorial Hospital. The clinic and hospital are both located at the same address but, as the uncontroverted evidence indi-

cates, are separately operated. Straith Memorial
Hospital, Inc., is a nonprofit, tax-exempt corporation.
Straith Clinic is a taxable sole proprietorship.
Aside from Dr. Straith the hospital is under wholly
separate management and governed by a board of
trustees. Dr. Straith is on the staff of the hospital
and serves as chief plastic surgeon. He is on the
staff of other hospitals as well.

Answer was filed by "Straith Clinic"[1] on July
21, 1965 alleging, by way of affirmative defense,
that "[defendant] will rely upon and insist in its
defense that there is a misjoinder of parties in said
suit and that said cause should be dismissed as to
this defendant." As a further answer, defendant
stated that it "had nothing to do with the treatment
of plaintiff's decedent and that there were no negli-
gent acts committed by any of its agents, servants
or employees."

The "motion to change name of party" was appar-
ently[2] opposed by "Straith Clinic" on the ground that
the hospital was a separate entity from the clinic,
that it had never been served with process, and that
this action is barred by the statute of limitations.
Plaintiff's arguments supported by affidavit[3] center-

_____

[1] The answer commences "Now comes the defendant, Straith Clinic
* * *." The appearance filed indicated that counsel represented
"the defendant, Straith Clinic, Inc., a Michigan corporation." The
trial court treated this as a misnomer of the party served and ruled
that "Straith Clinic" had waived the defect as to its nomenclature.
We agree.

[2] The record does not disclose that a written answer in opposition
was filed, but a notice of hearing was filed by the attorneys for the
defendant Straith Clinic notifying the attorneys for the plaintiff
that an order denying plaintiff's motion to change name of party
would be brought on for hearing at a fixed date.

[3] "Irving D. Robinson, being duly sworn, deposes and says that
he is one of the attorneys for the plaintiff in the above entitled cause
and states that since filing of the complaint in which Straith Clinic,
Inc., a Michigan corporation was named as a party defendant, it has
been learned that the correct name of the said defendant corporation
is Straith Memorial Hospital.

"Deponent further states that no one was misled by the misnomer;
that the officers of said corporation were all fully aware of the mis-

ed on the closely related nature and locations of the hospital and clinic, and the fact that Dr. Straith had notice of the action and should have realized that the allegations involved the hospital rather than the clinic. The trial court heard testimony on the argument on the motion, which, so far as this appeal is concerned, is uncontroverted.

The trial judge's finding of distinct legal separateness between the hospital corporation and the clinic is inescapable. There was no evidence of fraud in the labeling of the premises of the hospital and clinic nor any evidence of shared employees, equipment or the like. There is nothing from which the trial court could have found that these were not separate legal entities.[4]

Further, we are in agreement with the trial judge's finding that the hospital was not served *via* the clinic or by Dr. Straith having actual notice of the pendency of the litigation. There was no service in fact on the misnamed party as there was in *Wells* v. *The Detroit News, Inc.* (1960), 360 Mich 634, and the present case is distinguishable on that basis.

Finding then as we do, the distinguishing feature that no service had been made, we adopt the dissenting opinion of Mr. Justice BLACK in *Wells, supra,* p 642, as controlling in this case. Defendant is required to answer fully and honestly—and our decision is reached only after being convinced by a careful examination of the record, that there was no deception practiced upon plaintiff. On the contrary, plaintiff failed to properly name the party,

take made in the name set forth in the complaint; that although there is a Straith Clinic it is a sole proprietorship owned by Dr. Richard Straith who is also an officer of Straith Memorial Hospital; that said Dr. Richard Straith did examine and render treatment to the plaintiff's decedent; that Straith Clinic and Straith Memorial Hospital share a working business and operational association; that both are located at the same address."

[4] The record does not disclose if the hospital corporation was represented by the same law firm which represents the sole proprietorship.

apparently failed for 15 months to study the answer
and failed to submit evidence countering separate-
ness of the entities, even though the trial judge
afforded 4 hearings for such purpose.

The motion was in fact one to add a new party
defendant (GCR 1963, 207) rather than to amend
by correcting a misnomer (GCR 1963, 118).

Affirmed. Costs to appellee Straith Clinic.

McGregor, P. J., and A. C. Miller, J., concurred.