MEDA v CITY OF HOWELL

Docket No. 52675. Submitted June 2, 1981, at Lansing.—Decided
October 6, 1981.

George and Beth Meda brought an action in the Court of Claims
against the State Court Administrative Office, Lloyd Erdman,
district court administrator, John Doe, an unknown district
court clerk, and the City of Howell, for the alleged false arrest
of George Meda. Carol Ludos, "court recorder", was later
substituted for the unknown clerk, and the City of Howell was
dismissed. Defendants moved for summary judgment on the
basis of governmental immunity. In response, plaintiffs argued
that Erdman and Ludos were being sued as individuals. Sum-
mary judgment was granted. Immediately thereafter, plaintiffs
brought an action in Livingston Circuit Court against the City
of Howell, Lloyd Erdman and Carol Ludos. The city was again
dropped as a defendant, and Erdman and Ludos moved for
accelerated judgment on the basis that the period of limitations
had run. The court, Paul R. Mahinske, J., granted accelerated
judgment, and plaintiffs appeal. Plaintiffs allege that the period
of limitation was tolled during the time the action was pending
in the Court of Claims, that the Court of Claims lacked subject-
matter jurisdiction over actions against public officials being
sued in their individual capacities, and that the Court of
Claims never had jurisdiction to render a decision on the
merits. *Held:*

1. Where a prior suit between the parties to an action is
dismissed for lack of subject-matter jurisdiction, the statute of

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 51 Am Jur 2d, Limitation of Actions §§ 311-315.
Statute permitting new action after failure of original action com-
menced within period of limitation, as applicable in cases where
original action failed for lack of jurisdiction. 6 ALR3d 1043.
Voluntary dismissal or nonsuit as within provision of statute ex-
tending time for new action in case of dismissal or failure of
original action otherwise than upon the merits. 79 ALR2d 1290.
[2] 20 Am Jur 2d, Courts §§ 33, 105, 106.
[3] 20 Am Jur 2d, Courts § 97.

limitations is tolled for the period during which the prior action was pending.

2. The Court of Claims lacks jurisdiction over actions against persons who, although they are public officials, are being sued in their individual capacities.

3. Plaintiffs first filed their amended complaint in the Court of Claims against Carol Ludos, "court recorder", after the period of limitations had run. Ludos was not, therefore, provided notice of the plaintiffs' intentions to bring an action against her. The accelerated judgment in favor of Ludos was proper.

4. Plaintiffs did not indicate that Erdman was being sued in his individual capacity until after the period of limitations had run. Also, it was impossible to sue him as an individual in the Court of Claims. Therefore, Erdman was not put on notice that he was being sued in his individual capacity, and the accelerated judgment in his favor was proper.

Affirmed.

1. LIMITATION OF ACTIONS — TOLLING — STATUTES.

The period of limitation is tolled during the time in which a prior action between the parties is pending if the prior action is not adjudicated on the merits and is dismissed for lack of subject-matter jurisdiction (MCL 600.5856; MSA 27A.5856).

2. COURTS — COURT OF CLAIMS — JURISDICTION.

The Court of Claims has exclusive jurisdiction over actions against the state and state officials; however, it lacks jurisdiction to hear actions against persons who, although they are public officials, are being sued in their individual capacities.

3. COURTS — JURISDICTION.

Any action with respect to a cause, other than dismissal, is absolutely void where the court lacks jurisdiction over the subject matter.

4. LIMITATION OF ACTIONS — TOLLING — PRIOR ACTION BETWEEN PARTIES.

The period of limitation was not tolled by the filing of a prior action in the Court of Claims, which dismissed the claim for lack of jurisdiction, and in a subsequent action in circuit court the circuit court's grant of accelerated judgment for a defendant was proper, where the defendant's name was unknown in the prior action and the defendant was first named only after the limitation period had run and where the defendant was a public official who was not put on notice until after the limita-

tion period had run that he was being sued in his individual capacity.

*Metry, Metry & Sanom,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George H. Weller,* Assistant Attorney General, for defendants Erdman and Ludos.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

M. J. KELLY, J. This action arose out of the alleged false arrest of George Meda on November 12, 1976. A warrant had been mistakenly issued for his arrest for failure to appear for a court date on a traffic matter in the 53rd District Court. The traffic court case had in fact been tried and Meda found not guilty sometime in the summer of 1975. On October 30, 1978, plaintiffs commenced an action in the Court of Claims against the State Court Administrative Office, Lloyd Erdman, in his capacity as court administrator for the 53rd District Court, and John Doe, unknown clerk for the 53rd District Court. Carol Ludos, "court recorder", was later substituted for the unknown clerk. The reader may ponder why the local district court clerk administrator was not made a party instead of the court reporter, but no explanation satisfactory to this Court is made by either side. The City of Howell was also a named party defendant, but no appeal has been taken from its dismissal.

Plaintiffs alleged that defendants failed to recall a warrant for the arrest of George Meda, resulting in his false arrest on November 12, 1976. On November 22, 1978, defendants moved for sum-

* Circuit judge, sitting on the Court of Appeals by assignment.

mary judgment, GCR 1963, 117.2(1), claiming that governmental immunity barred plaintiffs' action. In response to defendants' motion, plaintiffs argued that their action was against Erdman and Ludos as individuals. On April 18, 1979, the court granted defendants' motion.

On April 27, 1979, in immediate reaction to the dismissal by the Court of Claims, plaintiffs commenced this action in the Circuit Court for Livingston County against the City of Howell, Lloyd Erdman and Carol Ludos. The complaint alleged that defendants' negligence resulted in George Meda's false imprisonment on November 12, 1976. Erdman and Ludos were served with summonses and copies of the complaint in June, 1979. The City of Howell was dropped as a defendant. On August 27, 1979, Erdman and Ludos moved for accelerated judgment, GCR 1963, 116.1(5), claiming that the statute of limitations, MCL 600.5805; MSA 27A.5805, barred the claim. The circuit court entered its order granting the motion July 1, 1980.

Plaintiffs argue that MCL 600.5856; MSA 27A.5856 tolled the statute of limitations during the period the Court of Claims action was pending. According to plaintiffs, the Court of Claims lacks subject-matter jurisdiction over actions against public officials who are being sued in their individual capacity. Plaintiffs argue that the Court of Claims lack of subject-matter jurisdiction prevented it from rendering a decision on the merits against defendants as individuals.

MCL 600.5856; MSA 27A.5856 establishes procedures by which the statute of limitations is tolled during the time a prior suit is pending between the parties if the prior action is not adjudicated on the merits. *Buscaino v Rhodes,* 385 Mich 474, 482; 189 NW2d 202 (1971). Where the prior suit is

dismissed for lack of subject-matter jurisdiction, the statute of limitations is tolled for the period the action was pending. *Kiluma v Wayne State University,* 72 Mich App 446, 451; 250 NW2d 81 (1976).

MCL 600.6419; MSA 27A.6419 confers upon the Court of Claims exclusive jurisdiction over actions against the State of Michigan and state officials. *Bandfield v Wood,* 104 Mich App 279, 282; 304 NW2d 551 (1981), *Feliciano v Dep't of Natural Resources,* 97 Mich App 101, 109; 293 NW2d 732 (1980). However, the Court of Claims is a court of limited jurisdiction which does not possess the broad and inherent powers of a constitutional court. *Taylor v Auditor General,* 360 Mich 146, 150; 103 NW2d 769 (1960), *Feliciano, supra,* 109. Therefore, the Court of Claims lacks jurisdiction to hear actions against persons who, although public officials, are being sued in their individual capacities. *Feliciano, supra,* 109-110. Where a court lacks jurisdiction over the subject matter of a suit, any action with respect to such a cause, other than dismissal, is absolutely void. *Fox v Board of Regents of the University of Michigan,* 375 Mich 238, 242; 134 NW2d 146 (1965).

Plaintiffs brought their action in the Court of Claims against the State Court Administrative Office, Lloyd Erdman, in his capacity as Court Administrator for the 53rd District Court, and Carol Ludos, "court recorder". While the Court of Claims had subject-matter jurisdiction over plaintiffs' claims against Erdman and Ludos as public officials, it did not possess subject-matter jurisdiction over claims against Erdman and Ludos in their individual capacities. Because the Court of Claims lacked subject-matter jurisdiction over defendants in their individual capacities, the court's

decision could not have been on the merits of plaintiffs' claims against the individual defendants.

However, defendants argue that MCL 600.5856; MSA 27A.5856 failed to toll the statute because plaintiffs' Court of Claims action did not notify defendants that the suit was against them as individuals. Statutes of limitation are designed to promote justice by preventing stale claims. *Cronin v Minster Press,* 56 Mich App 471, 478-479; 224 NW2d 336 (1974). It is not unjust to deny a plaintiff's claim when he has failed to notify a defendant within the period of limitations. *Id.,* 479.

There are no Michigan cases which have dealt with this particular problem. However, Michigan courts have addressed a similar situation where a plaintiff commenced an action against a defendant in the wrong name or capacity and later attempted to amend the complaint. In *Apple v Solomon,* 12 Mich App 393; 163 NW2d 20 (1968), plaintiff brought an action against a medical clinic but later discovered that her action was against a hospital which was located at the same address. She moved to amend her complaint to change the name of defendant after the statute of limitations had run. She argued that the closely related nature and location of the clinic and hospital gave notice to the hospital that an action was being brought against it. After finding that the hospital did not have actual notice of the suit, the Court affirmed the trial court's order denying plaintiff's motion to change the name of defendant. *Id.,* 396.

In *Bensinger v Reid,* 17 Mich App 219, 224-225; 169 NW2d 361 (1969), this Court again visited the issue. In that case, plaintiff brought an action against the alleged owner of a truck which caused plaintiff's decedent's death. After the statute of limitations had run, plaintiff discovered that the

real truck owner was a corporation in which defendant was the president and resident agent. When the corporation was joined as a defendant, it moved for accelerated judgment which the trial court granted. Examining the record, this Court found that the corporation had notice of the suit and had selected defense counsel. This Court reversed the trial court, stating:

"The right party was served by the wrong name or in the wrong capacity; the intended defendant, the true owner, was fully informed; and no one was misled by the misnomer to any detriment since the insurance carrier of Happyland defendant the matter. Accordingly, the addition of Happyland was proper, supported by binding authority, and did not prejudice defendants. The lower court should not have granted the motion for accelerated judgment, even though the statute of limitations had run." *Id.,* 224-225.

We think the rules expressed in *Apple, supra,* and *Bensinger, supra,* are applicable in this case.

Applying the above rules to the instant case, we find the trial court's grant of accelerated judgment to Carol Ludos to be proper. Plaintiffs filed their original action in the Court of Claims on October 30, 1977. The complaint alleged that "John Doe", unknown clerk for the 53rd District Court, had been negligent, causing Mr. Meda's arrest. It was not until 95 days after the statute of limitations had run that plaintiffs filed their first amended complaint against Carol Ludos, "court recorder".[1]

[1] In *Buscaino v Rhodes,* 385 Mich 474, 481-483; 189 NW2d 202 (1971), the Supreme Court stated that a suit was commenced by the filing of a complaint. This rule also applies when parties are being added to a suit. *Forest v Parmalee (On Rehearing),* 60 Mich App 401, 407; 231 NW2d 378 (1975), aff'd 402 Mich 348; 262 NW2d 653 (1978), *Amer v Clarence A Durbin Associates,* 87 Mich App 62, 66; 273 NW2d 588 (1978). In this case, the action against defendant Ludos did not commence until the amended complaint was filed.

Defendant Ludos was not provided notice of plaintiffs' intention to bring an action against her, and the trial court properly granted her motion for accelerated judgment.

Plaintiffs' October 30, 1977, Court of Claims complaint did name Lloyd Erdman, in his capacity as court administrator, as a defendant. The complaint failed to give any indication that Erdman was being sued as an individual. It was not until January 23, 1979, 74 days after the statute of limitations had run, that plaintiffs first claimed that their action was against that defendant as an individual. In this case, while the proper party was served, plaintiffs' complaint failed to inform him that the action was against him individually. Furthermore, it was impossible for plaintiffs to sue Erdman as an individual in the Court of Claims. *Feliciano, supra,* 109-110. Therefore, plaintiffs' complaint failed to give defendant Erdman notice that the suit was against him in his individual capacity and the trial court properly granted accelerated judgment.

The trial court's order of accelerated judgment is affirmed.