## ANNABEL v C J LINK LUMBER COMPANY

Docket No. 53660. Submitted January 7, 1982, at Detroit.—Decided April 7, 1982. Leave to appeal applied for.

Robert L. Annabel was dismissed from his employment with C. J. Link Lumber Company in 1975 for alleged theft or dishonesty. A grievance hearing was conducted and the dismissal was upheld. In 1976 Annabel and his wife, Angel R. Annabel, filed a complaint in federal district court against the lumber company, its president Cyrus J. Link, Lumber Drivers, Warehousemen and Helpers Local 458, and James R. Havermahl, the union business agent. The federal court action alleged, among other things, defamation on the part of Link and the company and infliction of mental and emotional distress on the part of all the defendants. Cyrus J. Link died in 1977 and the estate was substituted as defendant. The claims were dismissed by the federal court in 1978. Shortly thereafter, plaintiffs filed an action in Macomb Circuit Court against all the defendants, again alleging defamation and intentional infliction of mental distress. The circuit court, John G. Roskopp, J., granted accelerated and summary judgment in favor of the defendants, holding that the action for defamation was barred by the statute of limitations and that the action for intentional infliction of mental distress was barred by res judicata. Plaintiffs appealed. *Held:*

1. The federal court's 1978 order of dismissal failed to adjudicate the liabilities as to all of the defendants. Therefore, by virtue of the Federal Rules of Civil Procedure, the action remained pending in federal court as to all parties until a final order was entered in July, 1980. The period of limitation on the plaintiffs' claims for defamation was tolled during the time the action was pending in federal court. The action for defamation

References for Points in Headnotes

[1] 51 Am Jur 2d, Limitations of Actions § 170.

[2] 46 Am Jur 2d, Judgments § 231.

[3] 50 Am Jur 2d, Libel and Slander § 80.

[4] 46 Am Jur 2d, Judgments §§ 394, 477, 478, 518.

[5] 46 Am Jur 2d, Judgments §§ 394, 395.

filed in circuit court in 1978 was therefore timely and its dismissal was error, except for any alleged defamation arising out of statements made by Cyrus J. Link or C. J. Link Lumber Company at a hearing of the Employment Security Commission. Such statements are absolutely privileged.

2. The facts alleged in support of the plaintiffs' claim for intentional infliction of mental distress are the same as those alleged in their complaint in federal court. The action for intentional infliction of mental distress is barred by res judicata.

Affirmed in part, reversed in part and remanded.

1. LIMITATION OF ACTIONS — TOLLING PERIOD.

The period of limitation on a cause of action is tolled during the time a prior suit is pending between the parties if the prior suit is not adjudicated on its merits even if the court of original filing lacked subject-matter jurisdiction over the controversy. (MCL 600.5856; MSA 27A.5856).

2. JUDGMENTS — INCOMPLETE JUDGMENTS — FEDERAL PROCEDURE.

An order of a federal district court which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties of an action does not terminate the action as to any of the claims or parties in the absence of an express determination that there is no just reason for delay and an express direction for the entry of judgment as to fewer than all the claims or parties (FR Civ P 54[b]).

3. LABOR RELATIONS — LIBEL AND SLANDER — PRIVILEGED COMMUNICATIONS.

Any statement made to the Michigan Employment Security Commission in the course of the administration of its functions is absolutely privileged and the party making the statement is immune from suit for libel or slander (MCL 421.11[b]; MSA 17.511[b]).

4. JUDGMENTS — RES JUDICATA.

The three prerequisites to the application of the doctrine of res judicata are: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies.

5. JUDGMENTS — RES JUDICATA.

Res judicata bars not only the relitigation of those issues that actually were raised in the original proceeding but also the

relitigation of issues which might have been presented in the first action but were not.

*David Melkus,* for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *John P. Hancock, Jr.),* for C. J. Link Lumber Company and the estate of Cyrus J. Link.

*Hoffa, Chodak & Robiner* (by *Ted J. Cwiek),* for defendants Lumber Drivers, Warehousemen and Helpers Local 458.

Before: BASHARA, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. Plaintiffs appeal as of right the dismissal of their tort actions for defamation against defendants C. J. Link Lumber Company and the estate of Cyrus J. Link and their actions for intentional infliction of emotional distress against those same defendants and defendants Lumber Drivers, Warehousemen and Helpers Local 458 and James R. Havermahl. Pursuant to the provisions of GCR 1963, 116.1(5), the lower court granted motions for accelerated judgment against plaintiff on September 8, 1980. Plaintiffs' defamation action was found to be barred, in part, by the statute of limitations and, in part, because certain communications allegedly made by defendants were absolutely privileged. Plaintiffs' actions for intentional infliction of mental distress were found to be barred by the doctrine of res judicata.

The record establishes that plaintiff Robert Annabel was employed as a truck driver by the defendant lumber company from February 13, 1969, until November 4, 1975. On the latter date, he was discharged because of alleged theft or

dishonesty during work. The president of the defendant company, Cyrus J. Link, notified the defendant union of plaintiff Annabel's discharge, as was required by a collective-bargaining agreement, in two letters dated November 4 and 6, 1975.

Plaintiff filed a grievance with his union and a hearing was held on November 25, 1975. The defendant lumber company was represented at this hearing by Cyrus Link, while plaintiff was represented by defendant Havermahl. Initially, the grievance committee voted to reverse plaintiff Annabel's discharge; however, after consideration of evidence received after the hearing, it reversed itself and sustained the discharge.

On October 27, 1976, plaintiffs filed a complaint in federal district court against the union, the company, Havermahl and Link. The first count of plaintiffs' six-count complaint charged the union and the company with breach of contract. Ancillary claims of malice, gross negligence, bad faith and dishonesty were asserted against all defendants in this count. Count two of the complaint alleged a cause of action against the union and Havermahl for breach of their duty to fairly represent plaintiff Annabel. The third count alleged a conspiracy on behalf of all defendants to deprive Annabel of his legal rights. In count four of the complaint, plaintiffs alleged that the company and Link wrongfully discharged Annabel in bad faith and that this action was defamatory and caused mental and emotional distress. The complaint's fifth count averred that the company's and Link's discharge of Annabel was based upon accusations that they knew to be false. Plaintiffs claimed that the subsequent publications of these false accusations defamed them. Finally, the sixth count of plaintiffs' federal complaint alleged causes of ac-

tion for emotional and mental distress against all defendants.

On May 30, 1978, the first four counts of plaintiffs' federal complaint were summarily dismissed with prejudice. The remaining two counts, which were based on state law, were dismissed by the federal court without prejudice.

On July 25, 1978, plaintiffs filed the present complaint in the circuit court. In this complaint, plaintiffs alleged a cause of action in defamation against the defendant company and Cyrus Link and an action for intentional infliction of mental distress against all four defendants. Following a hearing on May 19, 1980, the trial judge issued a written opinion on August 14, 1980, in which he granted defendants' motions for accelerated and summary judgments. A formal order, incorporating the judge's findings of fact and conclusions of law, was entered on September 8, 1980. Plaintiffs now appeal.

Plaintiffs first argue that the trial judge erred in ruling that the statutory period of limitation had run on their defamation claims. They note that due to a defect in the federal court order of May 30, 1978, all of their federal causes of action were not adjudicated. It was not until July 9, 1980, that their federal claims were dismissed in their entirety. Thus, plaintiffs contend that the statute of limitations on their defamation actions was tolled until this latter date. If so, their July 25, 1978, filing of the instant action in the Macomb County Circuit Court was timely.

Under the provisions of MCL 600.5856; MSA 27A.5856, the period of limitations on a cause of action is tolled during the time a prior suit is pending between the parties if the prior action is not adjudicated on its merits. *Meda v City of*

*Howell,* 110 Mich App 179; 312 NW2d 202 (1981). This is true even if the court of original filing lacked subject-matter jurisdiction over the controversy. *Id.* See also *Kiluma v Wayne State University,* 72 Mich App 446; 250 NW2d 81 (1976).

The statute of limitations on plaintiffs' state claims in their federal suit was tolled during the pendency of that action even though these claims were not based on federal law. The dispositive question is whether plaintiffs' federal action was dismissed on May 30, 1978, or whether it was dismissed on July 9, 1980. If it was dismissed on the latter date, then the period of limitation did not run on plaintiffs' actions for defamation inasmuch as their complaint was filed in the circuit court on July 25, 1978.

The defect in the federal court's May 30, 1978, order was that it failed to adjudicate the rights and liabilities of all defendants in the federal suit. Specifically, that order failed to dismiss plaintiffs' action against Cyrus J. Link in his individual capacity. Under Rule 54(b) of the Federal Rules of Civil Procedure:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the

claims and the rights and liabilities of all the parties."
(Emphasis supplied.)

The May 30, 1978, federal order did not dismiss
plaintiffs' claims against all of the defendants, did
not contain an express direction for entry of a
final judgment as to the dismissed defendants, nor
did it contain an express determination that there
was no just reason for delaying entry of a final
judgment. For this reason, the order did "not
terminate the action as to any of the claims or
parties".

By virtue of the provisions of this federal court
rule, plaintiffs' federal action remained pending in
the federal courts until a final order was entered
dismissing it on July 9, 1980. Because the instant
action was commenced prior to that date, the
lower court erred in ruling that plaintiffs' defama-
tion action was barred by the statute of limita-
tions. We affirm, however, the lower court's dis-
missal of plaintiffs' cause of action for defamation
arising out of any statements that may have been
made by defendants Cyrus Link or C. J. Link
Lumber Company at a March 5, 1976, Michigan
Employment Security Commission hearing. Any
statement made to the MESC in the course of the
administration of its functions is absolutely privi-
leged and the party making the statement is im-
mune from suit for libel or slander. MCL 421.11(b);
MSA 17.511(b).

Plaintiffs next argue that the lower court erred
in holding that their action for intentional inflic-
tion of emotional distress against the defendant
lumber company and the defendant estate was
barred by the doctrine of res judicata.

As this Court noted in *Strachan v Mutual Aid &
Neighborhood Club, Inc,* 81 Mich App 165, 169;

265 NW2d 66 (1978), *rev'd on other grounds* 407 Mich 928 (1979):

"Res judicata is a jurisprudential doctrine founded upon the premise that litigation of a controversy must have a termination point. Otherwise, judicial resources would be unnecessarily expended, and the rights of litigants would be subjected to interminable contest.

"The doctrine of res judicata becomes applicable when an adjudicatory proceeding on a contested issue has progressed to a final determination, and all available courses of appeal have been exhausted or not pursued within the prescribed time limitations. Therefore, that issue becomes settled and may not be relitigated between the same parties in a collateral proceeding, absent some compelling equity not here pertinent."

There are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies. *San Joaquin County, California v Dewey,* 105 Mich App 122, 130; 306 NW2d 418 (1981). Res judicata bars not only issues that actually were raised in the original proceeding, it also bars the relitigation of issues which *might* have been presented before the court in the first action. *Braxton v Litchalk,* 55 Mich App 708, 717; 223 NW2d 316 (1974).

As the trial judge properly noted in this case, a comparison of plaintiffs' state court complaint and Counts I through IV of their federal court complaint shows that the latter contains factual allegations so similar to plaintiffs' claim for intentional infliction of emotional distress that if this claim was not raised in fact, it should have been. Although plaintiffs did not characterize their claim for damages in their federal complaint as

one for intentional infliction of mental distress, the same operative facts that gave rise to their claims for damages in their federal action are claimed to give rise to a cause of action for intentional infliction of mental distress in this action. Therefore, we agree with the lower court that the present action for intentional infliction of mental distress is barred.

Similarly, we hold that the lower court did not err in finding that plaintiffs' claim against the defendant union and Havermahl is barred by the doctrine of res judicata. If plaintiffs did not, in fact, raise this claim in their federal court complaint, they should have done so. The facts out of which this cause of action arose are the same facts alleged in the federal complaint. We find, therefore, that the present action is barred.

Affirmed in part, reversed in part and remanded for trial on plaintiffs' cause of action for defamation.