THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY CARTER HILLENBRAND, Defendant-Appellant.

Third District   No. 3—85—0705·

Opinion filed August 26, 1986.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Walter Hehner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

On November 30, 1970, an indictment was returned in the circuit court of La Salle County charging Henry Carter Hillenbrand, defendant herein, with one count each of escape, aggravated kidnaping, kidnaping, burglary and intimidation. On April 30, 1984, he entered a negotiated plea of guilty to the escape and aggravated kidnaping charges in exchange for dismissal of the other counts, plus another burglary charge from a separate case. This is the same defendant whose conviction for murder was affirmed in *People v. Hillenbrand* (Aug. 22, 1986), No. 3—85—0573.

A factual basis for the plea was presented to the trial court. The facts indicated the defendant was incarcerated in the La Salle County jail after pleading guilty to two counts of murder when, on November 17, 1970, he and two other prisoners, Thomas Garrett and Timothy Stanton, sawed through the bars of their cell and a window and escaped. Defendant's testimony from the sentencing hearing in the murder convictions included admissions to the escape and to the kidnaping of Michael Lyle. The defendant and Stanton stayed together after the escape and burglarized a home stealing clothing, guns and money.

Lyle also testified at the hearing and stated he was stopped at gunpoint in Utica, Illinois, on November 18, 1970, by the defendant and Stanton. The defendant then forced him to drive them to Chicago where he was subsequently released.

The defendant entered his guilty plea and was sentenced by the honorable Alexander T. Bower. Subsequently defendant moved to vacate his plea alleging Judge Bower acted under a conflict of interest because he had represented Stanton at an earlier trial on the same charges of escape and burglary which the defendant faced. Judge Bower recalled representing Stanton on a theft charge, but stated

Stanton had not been charged with escape or kidnaping and denied representing Stanton on any such charges.

The defendant has filed a motion to supplement the record in this case with the records of the case against Stanton and has asked this court to judicially notice those records. The records indicate Judge Bower did serve as Stanton's attorney on the same escape and burglary charges as the defendant faced. Stanton was incarcerated in the La Salle County jail on a charge of grand theft at the time of his escape. Attorney Bower had been appointed to represent him. After his escape he was promptly charged by complaint and on November 30, 1970, the grand jury indicted him for one count of escape and one count of burglary. He was captured by early December 1970, and attorney Bower was again appointed to represent him. On May 26, 1971, Stanton pleaded guilty and was placed on three years' probation in the theft case. The other cases were *nol-prossed.*

■■ The question whether a judge is disqualified is one of law and is governed by the rules of law. Defendant's motion to vacate his guilty plea was predicated upon Supreme Court Rule 67(c) (87 Ill. 2d R. 67(c)), which provides:

"(c) A judge shall not participate in any case in which he has previously acted as counsel. He cannot rid himself of this responsibility by consent of counsel or the parties to the case."

■■ The incidents, about which this issue is concerned, took place in 1970 and some 13 years had passed since Judge Bower had represented Stanton in his capacity as La Salle County Public Defender. However, upon the filing of motion of disqualification by the defendant, it thereupon became the duty of Judge Bower to recognize his disqualification as a matter of law regardless of whether his representation of Stanton on the related charges was within the span of his memory.

Rule 67(c) deals with disqualification in a case where a judge acted as counsel; representation of a codefendant also disqualifies a judge.

The learned judge was in error in not recognizing the conflict of interest allegation. The judgments imposed are vacated, and the cause is remanded for further proceedings in accord with the views expressed herein.

Reversed and remanded.

SCOTT, P.J., and HEIPLE, J., concur.