Phillip W. Swisher, Conroe, for appellant.

Thomas D. Glenn, Asst. Dist. Atty., Conroe, for appellee.

**Jessie James SUNDAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–089 CR.**

Court of Appeals of Texas,
Beaumont.

June 8, 1988.

## OPINION

DIES, Chief Justice.

Appellant was found guilty by a jury of aggravated robbery and, after he pled true to one enhancement count, was sentenced to seventy-five years in the Texas Department of Corrections.

Appellant's three points of error contend that Judge Keeshan should have recused

himself and that Appellant was denied an examining trial by Judge Keeshan after having been granted one by the Municipal Judge of Conroe pursuant to *TEX.CODE CRIM.PROC.ANN. art. 16.01 et seq.* (Vernon Supp.1988).

On May 22, 1979, Appellant was convicted of murder in cause number 13,813 in the 221st District Court of Montgomery County. At that time, Judge Keeshan was District Attorney. Judge Keeshan prosecuted Appellant's father, mother, brother, and sister.

In the instant conviction, number 19,331, the complaint was signed by Judge Keeshan acting for Justice of the Peace, Precinct No. 2 of Montgomery County, Texas.

*TEX.CONST. art. V, sec. 11* provides in pertinent part: "No judge shall sit in any case ... when he shall have been counsel in the case." *TEX.CODE CRIM.PROC. ANN. ART. 30.01* (Vernon 1966) states in pertinent part: No judge or justice of the peace shall sit in any case ... where he has been of counsel for the State or the accused...." These provisions constitute the exclusive grounds for disqualifying a judge from sitting or acting in a criminal case. *Zima v. State,* 553 S.W.2d 378, 380 (Tex.Crim.App.1977).

The instant offense occurred a year after Judge Keeshan had left his position as District Attorney. He, therefore, obviously is not disqualified. In addition, the use of Appellant's 1979 conviction for murder to enhance his punishment in the instant case does not disqualify Judge Keeshan from presiding over Appellant's trial. *Hathorne v. State,* 459 S.W.2d 826, 830 (Tex.Crim.App.1970), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971).

Failure to provide an examining trial does not affect the validity of an indictment. *Trussell v. State,* 414 S.W.2d 466, 467 (Tex.Crim.App.1967); *Brown v. State,* 475 S.W.2d 938, 946 (Tex.Crim.App.1971); *Murphy v. State,* 424 S.W.2d 231, 232–33 (Tex.Crim.App.1968). All of Appellant's points of error are overruled. The judgment of the trial court is affirmed.

Affirmed.