(No. 73658.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EARL T. STORMS, Appellee.

*Opinion filed July 22, 1993.*

NICKELS, J., took no part.

Roland W. Burris, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Assistant Attorney General, of Chicago, and Norbert J. Goetten, William L. Browers and Mary Beth Burns, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel, and Anne Marie Allen, law student), for the People.

Office of the State Appellate Defender, of Springfield, and Joseph M. Williams, of St. Charles, for appellee.

Kralovec, Marquard, Doyle & Gibbons, Chrtd., of Chicago (Nancy J. Arnold, of counsel), for *amicus curiae* Illinois Judges Association.

JUSTICE McMORROW delivered the opinion of the court:

Rule 63(C)(1) of our Code of Judicial Conduct calls for a judge to disqualify himself in proceedings where his impartiality might reasonably be questioned (134 Ill. 2d R. 63(C)(1)), including those instances where the judge formerly "served as lawyer in the matter in controversy" (134 Ill. 2d R. 63(C)(1)(b)). In this case, we conclude that the trial court judge was not obligated under

Rule 63 to recuse himself from sentencing the defendant in a criminal proceeding, where the evidence in aggravation considered by the trial judge included prior criminal convictions against the defendant and the judge was an assistant State's Attorney during a portion of those prior criminal proceedings.

## I

In March 1980, defendant, Earl T. Storms, was arrested for burglary. He was convicted for this offense during proceedings at which one of the assistant State's Attorneys was Peter Trobe. Defendant received probation for his conviction. Approximately seven months later, in March 1981, defendant was again arrested and the State's Attorney sought to revoke his probation. During subsequent proceedings, the trial court found the defendant guilty of contempt for violating the terms of his probation. At some of these subsequent proceedings, Peter Trobe was the assistant State's Attorney who represented the State.

Approximately eight years thereafter, in September 1989, defendant was indicted for residential burglary. A jury trial was held with respect to this indictment in December 1989 and the defendant was found guilty as charged. After the trial, but before post-trial motions were filed, the defendant claimed that the trial judge who had presided over his 1989 jury trial was Judge Peter Trobe, the same individual who, years earlier, had been the assistant State's Attorney when defendant was prosecuted in 1980 and 1981. Defendant requested that Judge Trobe be disqualified from continuing to preside over his criminal case.

Judge William Block conducted a hearing on defendant's disqualification request. Regarding the extent of Judge Trobe's prior involvement in criminal proceedings involving the defendant, Judge Block made the following

pertinent statements at the hearing on defendant's recusal request:

"In examining then the—after the PSI indicated information concerning the defendant, which couldn't be found on the screen, it was determined that in 80 CF 239, a burglary charge where the defendant was one of the defendants, that on July 15, 1980, *** [t]he matter was continued to July 22 for status. The bond was continued.

Judge Trobe, an Assistant's State's Attorney at that time, was the attorney. On July 22, 1980, the defendant did not appear. There was a bond forfeiture, Judge Trobe was the Assistant State's Attorney, and a warrant ordered to issue. There were other proceedings that Judge Trobe did not participate in on July 24, 30, August 7, September 23 and February 5.

On February 10, 1981, *** [t]he State was given leave to file a petition for revocation of probation. On February 23 there was a motion to reinstate bond and again Judge Trobe was Assistant State's Attorney. The motion to reinstate bond was denied. The matter was set for hearing on a petition for revocation of probation for March 16.

On March 16 the defendant failed to appear. There was a bench warrant ordered to issue, where Judge Trobe was the State's Attorney. On March 20 the defendant surrendered in open court. There was a motion to reinstate bond. Denied. The defendant was remanded. On March 21, 1981, there was a hearing on the petition to revoke. The defendant was found guilty of contempt. His probation was extended four months."

After reviewing this information regarding Judge Trobe's appearances at defendant's earlier criminal proceedings during the time the judge had been an assistant State's Attorney, Judge Block denied the motion for substitution of judges and returned the case to Judge Trobe for further proceedings. Thereafter, upon briefing and argument, Judge Trobe denied defendant's motion for a new trial.

Based upon evidence presented in aggravation and mitigation, including defendant's prior burglary conviction in 1980 and revocation of his probation for that offense in 1981, Judge Trobe sentenced defendant to 19 years' imprisonment and 3 years of mandatory supervised release. In his oral pronouncements, Judge Trobe noted that he "had no memory" of defendant's prior cases where he, the judge, had served as assistant State's Attorney. Judge Trobe also expressed his belief that applicable precedent did not require his recusal from defendant's pending case.

Defendant appealed from his conviction and sentence. The appellate court vacated defendant's sentence and remanded the matter for a new sentencing hearing, reasoning that Judge Trobe's failure to disqualify himself violated Rule 63(C) and warranted a new sentencing hearing before a judge other than Judges Trobe or Block. (225 Ill. App. 3d 558.) We allowed the State's petition for leave to appeal (134 Ill. 2d R. 315), and now reverse the appellate court's disposition of the disqualification issue.

## II

The parties to the present cause dispute the proper interpretation to be given to Rule 63(C)(1) of our Code of Judicial Conduct (see 134 Ill. 2d R. 63(C)(1)). This rule states in pertinent part:

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where

(a) he has personal bias or prejudice concerning a party or his lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) he served as lawyer in the matter in controversy ***; [or]

(c) he was, within the preceding three years, associated in the private practice of law with any law

> firm or lawyer currently representing any party in the controversy \*\*\* or, for a period of seven years following the last date on which he represented such a party, he represented any party to the controversy while he was an attorney engaged in the private practice of law."

Rule 63 incorporates former Rule 67(c), which provided that a judge "shall not participate in any case in which he has previously acted as counsel." (73 Ill. 2d R. 67(c).) Thus, decisions interpreting predecessor Rule 67 are instructive to our present inquiry. See, *e.g., People v. Lopez* (1989), 187 Ill. App. 3d 999, 1008.

In construing the requirement of judicial disqualification for prior legal involvement in a dispute, this court has observed that the rule does not mandate recusal "anytime a judge had knowledge of, contact with, or an interest in the case." (*People v. Del Vecchio* (1989), 129 Ill. 2d 265, 277.) "Merely having a previous involvement with a defendant does not, *per se*, require disqualification." *Del Vecchio*, 129 Ill. 2d at 277.

In decisions where a trial judge was previously involved in the same criminal proceeding over which the judge eventually presided and in which the defendant was found guilty, our courts have looked to the degree of this involvement. When the judge's activities were supervisory and the judge had no recollection of the case, recusal was found unnecessary. (*Del Vecchio*, 129 Ill. 2d 265 (trial judge was supervisor in State's Attorney's office and approved expedition of defendant's indictment so that he could be tried as juvenile rather than adult); *People v. Thomas* (1990), 199 Ill. App. 3d 79 (trial judge served as chief of criminal division of State's Attorney's office and had supervisory authority over prosecution of defendant's case for approximately six months; trial judge had no actual involvement in prosecution of case); *People v. Lopez* (1989), 187 Ill. App. 3d 999 (trial judge

in defendant's bench trial had been in private practice with another attorney who represented defendant in prior criminal matter); *People v. Lipa* (1982), 109 Ill. App. 3d 610 (trial judge was supervisor in State's Attorney's office when defendant was indicted and had approved grand jury subpoena in case); *People v. Burnett* (1979), 73 Ill. App. 3d 750 (trial judge had been supervisor in State's Attorney's office when defendant's case was pending and bond forfeiture hearing had been held); *United States ex rel. Link v. Lane* (7th Cir. 1987), 811 F.2d 1166 (trial judge had been assistant State's Attorney to appear before grand jury investigating defendants and had assisted in preparation of memorandum in case).) On these facts, it has been found that the trial judge's recusal was not called for under Supreme Court Rule 63, since the judge's limited involvement did not amount to "serv[ice] as lawyer in the matter in controversy." 134 Ill. 2d R. 63(C)(1)(b).

Similarly, in the present case, there was no cause for Judge Trobe to disqualify himself from defendant's residential burglary trial in 1989. Rule 63 speaks to a judge's previous service "in the matter in controversy." Interpreted by its plain meaning, the phrase "matter in controversy" has been held to encompass the case currently pending before the court. (See *People v. Thomas* (1990), 199 Ill. App. 3d 79, 91; see also *People v. Hillenbrand* (1986), 146 Ill. App. 3d 483, 485; *People v. Austin* (1983), 116 Ill. App. 3d 95, 99 (deciding question under prior Rule 67).) Thus, as the appellate court acknowledged in the case at bar, the "matter in controversy" in the present cause was the defendant's 1989 residential burglary charge. (See 225 Ill. App. 3d at 566.) Judge Trobe was not an assistant State's Attorney in the defendant's 1989 residential burglary charge, and the judge was therefore not involved in the "matter in controversy" under Rule 63. (See *People v. Sangster* (1976),

43 Ill. App. 3d 937 (recusal not mandated where judge represented defendant several years earlier in unrelated criminal case); *People v. Van Pelt* (1974), 18 Ill. App. 3d 1087 (disqualification not called for where judge prosecuted defendant years earlier in unrelated criminal proceeding).) Consequently, Judge Trobe's recusal was not required under the terms of the rule.

The appellate court in the present cause was in error when it determined that Judge Trobe nevertheless should have been disqualified from determining the appropriate sentence to be imposed for defendant's residential burglary conviction. According to the appellate court, Judge Trobe's "involvement in the 1980 case became directly relevant to the 'matter in controversy,' the present case, at the time of *sentencing*, because the portion of defendant's prior criminal record involving Judge Trobe as prosecutor could be presented in aggravation." (Emphasis in original.) (225 Ill. App. 3d at 566.) The court also noted that "Judge Trobe's impartiality may be reasonably questioned, because of his personal knowledge of the 1980 burglary prosecution." 225 Ill. App. 3d at 566.

However, there is nothing in the record that hints of the possibility that Judge Trobe's sentence would be influenced by matters not properly of record. Although the trial court judge had acted as the assistant State's Attorney in certain court appearances in the 1980 burglary prosecution and the 1981 probation revocation proceedings, there is nothing in the record to show that these matters were anything other than routine, brief, and uneventful. At his subsequent residential burglary proceeding in 1989, defendant did not dispute that he had been previously convicted and sentenced in 1980 and 1981. It is also noteworthy that the prior criminal proceedings involving the defendant occurred almost a decade before he was sentenced by Judge Trobe for residential bur-

glary. Lastly, we find it significant that neither defendant nor the trial judge recalled their previous encounters in 1980 or 1981.

Taking into account all of the surrounding circumstances, Judge Trobe did not "serve as lawyer to the matter in controversy" at defendant's residential burglary proceeding. There is nothing in the record that suggests the trial judge could not be impartial in sentencing defendant for that offense. The trial court judge's previous service as an assistant State's Attorney was not sufficient basis to disqualify the judge from imposing sentence upon the defendant for his 1989 residential burglary conviction.

Judicial interpretations of similar rules of judicial conduct in other jurisdictions are wholly in accord with the conclusion we reach in the case at bar. See *Dishman v. State* (Ind. 1988), 525 N.E.2d 284; *Commonwealth v. Carter* (Ky. 1985), 701 S.W.2d 409; *People v. Potter* (1982), 115 Mich. App. 116, 320 N.W.2d 313; *Cantrell v. State* (Miss. 1987), 507 So. 2d 325; *Commonwealth v. Darush* (1983), 501 Pa. 15, 459 A.2d 727; *State v. Warner* (Tenn. 1983), 649 S.W.2d 580; *Sunday v. State* (Tex. App. 1988), 755 S.W.2d 500.

For these reasons, we reverse the appellate court's decision to vacate the defendant's sentence. Because the defendant raises additional arguments regarding his sentence that were not considered by the appellate court, the matter is remanded to the appellate court for consideration of those questions.

*Reversed and remanded.*

JUSTICE NICKELS took no part in the consideration or decision of this case.