858

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HOWARD PHINNEY, Defendant-Appellant.
Fourth District   No. 4—92—0994

Opinion filed September 2, 1993.

Daniel D. Yuhas and Charles M. Schiedel, both of State Appellate De-
fender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten,
Robert J. Biderman, and James Overholt, all of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:
Defendant Howard Phinney appeals from a Livingston County cir-
cuit court judge's dismissal of his petition for post-conviction relief.
(Ill. Rev. Stat. 1989, ch. 38, pars. 122—1 through 122—8.) He con-
tends this ruling was error because the trial judge's role in a prior
prosecution of defendant required the trial judge to recuse himself
from defendant's sentencing hearing. The supreme court has recently
ruled otherwise. The trial judge was not bound to recuse himself from
defendant's sentencing hearing. Dismissal of defendant's post-convic-
tion petition was proper, and we affirm.

I. Facts

In March 1989, defendant was charged by indictment with bur-
glary, attempt (burglary), and theft. (Ill. Rev. Stat. 1989, ch. 38, pars.

19—1, 8—4, 16—1.) Livingston County Associate Judge Charles H. Frank presided at defendant's jury trial. In September 1989, a jury found defendant guilty of all three charges.

In October 1989, defense counsel filed a post-trial motion which alleged, in pertinent part, defendant was denied a fair trial because the trial judge had been prosecutor in criminal proceedings against defendant in 1979 in which defendant was convicted and a sentence of imprisonment was imposed. A hearing on defendant's motion took place in November 1989.

Defense counsel contended it was improper for the trial judge to have participated in the present case. The motion sought a verdict of not guilty, or, in the alternative, a new trial. In argument, defense counsel conceded defendant had not remembered the trial judge from the earlier prosecution. Defense counsel argued fairness required a new trial and the case should be assigned to a different judge.

In ruling on the motion, the trial judge indicated he recalled defendant's name from when he (the trial judge) served as a prosecutor. The trial judge also indicated he did not believe this factor would in any way affect his impartiality in hearing the present case. The trial judge sentenced defendant to an extended term of 14 years' imprisonment for the burglary and 10 years for the theft and attempt (burglary) convictions.

On direct appeal, defendant did not raise an issue related to the trial judge's prior prosecution of him. This court affirmed defendant's conviction. The extended terms imposed for the attempt (burglary) and theft offenses were vacated and, pursuant to the power granted reviewing courts, this court sentenced him to terms of five years' imprisonment of each offense. *People v. Phinney* (1990), 202 Ill. App. 3d 1116 (unpublished order under Supreme Court Rule 23).

In September 1992, defendant filed a *pro se* petition for post-conviction relief. The petition alleged defendant was denied effective assistance of appellate counsel because counsel did not raise the issue regarding the trial judge's previous prosecution of defendant. It further alleged defendant asked his appointed appellate counsel to raise the issue and doing so would not have been frivolous or contrary to any appellate strategy.

A circuit court judge other than Judge Frank considered the petition and appointed counsel to represent defendant. Post-conviction counsel contended the trial judge's refusal to recuse himself, at least before sentencing defendant, was the strongest argument for post-conviction relief and it was supported by a recent decision of the Sec-

ond District Appellate Court in *People v. Storms* (1992), 225 Ill. App. 3d 558, 588 N.E.2d 486, *rev'd* (1993), 155 Ill. 2d 498.

The circuit court judge concluded *Storms* was wrongly decided and denied the petition as to the issue of the trial judge's failure to recuse himself and as to all other points raised. This appeal followed.

## II. ANALYSIS

In 1979, Charles H. Frank was an assistant State's Attorney in Livingston County. He prosecuted defendant on felony charges and obtained a guilty plea to the offenses of rape and armed violence. (Ill. Rev. Stat. 1979, ch. 38, pars. 11–1, 33A–2.) Defendant was still serving a term of mandatory supervisory release related to these offenses when Judge Frank presided over defendant's jury trial at issue in this appeal.

Defendant relies on *Storms* for his argument this court must reverse the denial of his post-conviction petition and remand the case with directions granting him a new sentencing hearing. In *Storms* the appellate court remanded the case due to the trial judge's involvement as an assistant State's Attorney in a 1980 prosecution of defendant for the offense of burglary. The same trial judge later participated in a probation revocation proceeding involving defendant. *Storms*, 225 Ill. App. 3d at 564, 588 N.E.2d at 491.

In September 1989, Storms was indicted for residential burglary. (Ill. Rev. Stat. 1989, ch. 38, par. 19–3.) A jury found defendant guilty. After the trial, but before post-trial motions were filed, defendant asked that the trial judge be disqualified from continuing to preside over defendant's case because the trial judge had prosecuted defendant in 1980 and during defendant's probation revocation.

A circuit court judge other than the one who presided over defendant's 1989 conviction conducted a hearing on the disqualification request and denied it. The trial judge denied defendant's request for a new trial. *Storms*, 225 Ill. App. 3d at 564-65, 588 N.E.2d at 491-92.

The appellate court vacated defendant's 19-year prison term and remanded for a new sentencing hearing. The *Storms* court reasoned the trial judge's failure to disqualify himself violated Rule 63(C)(1) of the Code of Judicial Conduct (134 Ill. 2d R. 63(C)(1)) and warranted a new sentencing hearing before another judge. *Storms*, 225 Ill. App. 3d at 565-67, 588 N.E.2d at 492-93.

Rule 63(C)(1) provides a trial judge should disqualify himself in a case in which his impartiality might reasonably be questioned. One of the circumstances under which disqualification is proper is when the

trial judge served as a lawyer "in the matter in controversy." 134 Ill. 2d R. 63(C)(1)(b).

The second district reasoned the trial judge should have recused himself because he played a meaningful role in prosecuting defendant for burglary in the 1980 proceedings. It reasoned further the trial judge's participation as assistant State's Attorney in the earlier proceedings was directly relevant to the sentencing proceedings in 1989 because defendant's prior criminal record, including the 1980 conviction, could be presented in aggravation. This factor indicated the trial judge's impartiality could reasonably be questioned. *Storms*, 225 Ill. App. 3d at 566, 588 N.E.2d at 492-93.

The Illinois Supreme Court reversed the second district's ruling and rejected its reasoning. (*People v. Storms* (1993), 155 Ill. 2d 498.) The court concluded the trial judge in *Storms* was not required to recuse himself from the 1989 case because Rule 63 covers a judge's previous service "in the matter in controversy," meaning the case *currently pending* before the court. In order for the trial judge to be required to recuse himself, the trial judge would have to be involved as an attorney in the *pending* proceeding. Finally, the supreme court concluded there was no evidence in the record which indicated the trial judge would be influenced by proceedings which occurred 10 years earlier.

The trial judge in this case did not serve as an attorney in defendant's 1989 jury trial. The judge was not involved as counsel in "the matter in controversy." Moreover, defendant has provided nothing indicating the trial judge was influenced in his sentencing decision by his previous participation as an assistant State's Attorney in a proceeding which occurred in 1980.

The trial judge did not err by refusing to recuse himself from defendant's sentencing hearing. Defendant's petition for post-conviction relief was properly dismissed.

Affirmed.

McCULLOUGH and LUND, JJ., concur.