THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEODORE EUBANKS, Defendant-Appellant.

Third District   No. 3—98—0144

Opinion filed September 3, 1999.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant, Theodore Eubanks, was convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1996)) and sentenced to six years in prison. On appeal, he relies on Supreme Court Rule 63(C)(1)(c) (155 Ill. 2d R. 63(C)(1)(c)) to support his contention that the trial judge erred in refusing to disqualify himself from the case based on his earlier prosecution of the defendant on similar charges. We hold that Rule 63(C)(1)(c) does not apply to judges who were previously employed as assistant State's Attorneys because those lawyers are not involved in the "private practice of law."

The defendant was charged with unlawful possession of a controlled substance on October 17, 1997. His case was initially assigned to Judge Larry Vandersnick. On December 12, 1997, the defendant requested a change of judge as of right. His request was allowed, and the matter was transferred to Judge Charles Stengel.

On December 15, 1997, the defendant moved for substitution of Judge Stengel based on cause. He alleged that Judge Stengel, as the drug enforcement prosecutor for Rock Island County, had prosecuted him on a drug charge approximately three years earlier, obtaining the conviction of the defendant at that time. The defendant also alleged that Judge Stengel had campaigned for his seat on the bench by emphasizing his high conviction rate in drug cases.

A hearing on the defendant's motion was held before Judge Ronald Taber. Judge Taber denied the motion.

The defendant's case proceeded to a jury trial where he was found guilty of the offense charged. He was thereafter sentenced to six years in prison.

On appeal, the defendant argues that Supreme Court Rule 63(C)(1)(c) required Judge Stengel to disqualify himself from presiding over the trial in this case due to the fact that Judge Stengel prose-

cuted the defendant in a prior case within seven years of the instant trial. As a result of the judge's failure to disqualify himself, the defendant maintains that he is entitled to a new trial.

■ The State argues initially that the defendant has waived his claim by failing to cite Supreme Court Rule 63(C)(1)(c) before the trial court. See *People v. Dale*, 112 Ill. 2d 460, 493 N.E.2d 1060 (1986). However, when the right of the defendant to an impartial trial and the duty to avoid the appearance of impropriety are implicated, the waiver rule may be relaxed. *People v. Lopez*, 187 Ill. App. 3d 999, 543 N.E.2d 997 (1989).

■ Supreme Court Rule 63(C)(1) governs a judge's duty to disqualify himself from a case. 155 Ill. 2d R. 63(C)(1). The rule provides, *inter alia*, as follows:

> "(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
> (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (b) the judge served as a lawyer in the matter in controversy ***; [or]
> (c) the judge was, within the preceding three years, associated in the private practice of law with any law firm or lawyer currently representing any party in the controversy *** or, for a period of seven years following the last date on which the judge represented any party to the controversy while the judge was an attorney engaged in the private practice of law ***." 155 Ill. 2d R. 63(C)(1).

In support of his argument that Rule 63(C)(1)(c) applies to former prosecutors, the defendant points out that in *People v. Storms*, 155 Ill. 2d 498, 617 N.E.2d 1188 (1993), the Illinois Supreme Court held that current Rule 63(C)(1) incorporates former Rule 67(c) (73 Ill. 2d R. 67(c)). Former Rule 67(c) provided that a judge "shall not participate in any case in which he has previously acted as counsel."

In *Storms*, the defendant was charged with residential burglary. The trial judge, as an assistant State's Attorney, had participated in an unrelated burglary prosecution of the defendant eight years earlier. The supreme court determined that the judge was not disqualified under Rule 63(C)(1)(b), because he had not served as lawyer in the present controversy. *Storms*, 155 Ill. 2d at 506, 617 N.E.2d at 1191. The court did not address the issue of whether Rule 63(C)(1)(c) would have applied to the judge had the former prosecution taken place within seven years.

The defendant also points to the case of *People v. Lopez*, 187 Ill.

App. 3d 999, 543 N.E.2d 997 (1989), wherein the court stated that Rule 63(C)(1)(c) incorporates former Rule 67(c) and "applies to a judge who was actually involved in the prosecution or defense of a defendant's case." *Lopez*, 187 Ill. App. 3d at 1008-09, 543 N.E.2d at 1003. However, that case did not involve a judge whose alleged conflict arose as a result of prior service as a prosecutor, but, rather, the conflict arose as a result of his prior association with a private law firm that previously represented the defendant. However, to the extent that *Lopez* can be construed to hold that assistant State's Attorneys are involved in the private practice of law within the purview of Rule 63(C)(1)(c), we reject such analysis.

Conversely, we find the analysis of Rule 63(C)(1)(c) by Presiding Justice Gordon in *Federal Deposit Insurance Corp. v. O'Malley*, 249 Ill. App. 3d 340, 618 N.E.2d 818 (1st Dist. 1993) (Gordon, P.J., concurring in part & dissenting in part), to be well reasoned and persuasive. Presiding Justice Gordon opined that "there is a very substantial difference between the nature of the representation provided with respect to attorneys in the private practice of law and those engaged in the public practice as employees of a governmental agency." *O'Malley*, 249 Ill. App. 3d at 367, 618 N.E.2d at 837. In Presiding Justice Gordon's opinion, Supreme Court Rule 63(C)(1)(c) "applies to the private sector only." *O'Malley*, 249 Ill. App. 3d at 368, 618 N.E.2d at 837.

There are significant and substantial differences between practicing law as an assistant State's Attorney and practicing law in the private sector. A judge's impartiality might reasonably be questioned in the situation where the judge had a recent economic relationship with a law firm representing one of the parties to the pending litigation. It may also be reasonably questioned where one of the judge's former private clients is a party. These same concerns do not attach to a judge, however, who was previously employed by the government as a prosecuting attorney, even though the government may be a party to the pending proceeding. The Illinois Supreme Court was obviously cognizant of these differences when it fashioned Rule 63(C)(1)(c) to apply to attorneys "in the private practice of law." 155 Ill. 2d R. 63(C)(1)(c).

■ Based on our analysis, we conclude that the phrase "in the private practice of law" as it is used in Supreme Court Rule 63(C)(1)(c) does not apply to those attorneys employed by the State's Attorney's office. Thus, Judge Stengel's previous employment in the State's Attorney's office did not require that he be disqualified from the case. Further, although Judge Stengel had previously prosecuted the defendant, he was not involved in the present prosecution, and his recusal was not mandated by Rule 63(C)(1)(b). *Storms*, 155 Ill. 2d 498, 617

N.E.2d 1188. Moreover, the defendant does not claim that Judge Stengel erred in any of his rulings in this case or that he conducted the proceedings without impartiality. We therefore affirm the defendant's conviction and six-year prison sentence.

■ Next, the defendant contends that he is entitled to $520 credit against his $500 drug assessment for 104 days spent in pretrial incarceration. The State agrees and it appears that the defendant is correct in his contention. See *People v. Woodard*, 175 Ill. 2d 435, 677 N.E.2d 935 (1997). Therefore, we amend the mittimus to provide that the defendant's drug assessment has been satisfied. The judgment of the circuit court of Rock Island County is affirmed as modified.

Affirmed as modified.

HOLDRIDGE, P.J., and KOEHLER, J., concur.